IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BRANDON WATSON,<br><br>                    Plaintiff,<br><br>v.<br><br>SIG SAUER, INC.,<br><br>                    Defendant. | Civil Action No.: _____ |

**NOTICE OF REMOVAL OF CIVIL ACTION**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendant Sig Sauer, Inc. ("Sig Sauer"), by and through its undersigned attorneys, hereby removes the state court action entitled *Brandon Watson v. Sig Sauer, Inc.*, bearing Case No. 153-322365-20, in the District Court for the 153rd Judicial District of Tarrant County, Texas (hereinafter "State Court Action") to the United States District Court for the Northern District of Texas, Fort Worth Division, and respectfully represents as follows:

1.  Annexed as Exhibit A to this Notice of Removal is the Declaration of Steven Shawver. All exhibits—including all process, pleadings, and orders served on or by Sig Sauer required by 28 U.S.C. § 1446(a)—are offered and attached as follows:

| EXHIBITS | DESCRIPTION |
|:---:|---|
| B | Plaintiff's Original Petition with Discovery Attached |
| C | Notice of Filing Notice of Removal |

**FACTUAL BACKGROUND**

2. In his Complaint, Plaintiff Brandon Watson asserts claims against Defendant Sig Sauer for personal injuries that he allegedly sustained on March 30, 2019, arising out of the discharge of his Sig Sauer P320 model pistol (the "Subject Pistol").

3. Watson brings claims for (1) violation of the Magnuson-Moss Warranty Act; (2) breach of express warranty; (3) breach of the implied warranty of merchantability; (4) unjust enrichment; (5) fraudulent concealment; (6) fraud; and (7) violation of the Texas Deceptive Trade Practices Act, Tex. Bus. & Comm. Code §§ 17.41, *et seq.*

**PROCEDURAL BACKGROUND**

4. Watson electronically filed his complaint in the State Court Action on December 22, 2020 ("Complaint"). *See generally* Exhibit B.

5. Plaintiff served Sig Sauer with the Complaint on December 31, 2020.

**DIVERSITY JURISDICTION**

6. This Court has subject matter jurisdiction over this action and all claims asserted against Sig Sauer pursuant to 28 U.S.C. § 1332(a) because Watson and Sig Sauer are citizens of different states. Further, the matter in controversy exceeds $75,000, exclusive of interest and costs.

**A. Diversity of Citizenship**

   *a. Diversity Jurisdiction Exists Between Watson and Sig Sauer.*

7. Watson is a citizen of the State of Texas. *See* Exhibit B, ¶ 6 ("Plaintiff **BRANDON WATSON** is a citizen of Texas, residing in Benbrook, Texas.") (emphasis in original).

8. Defendant Sig Sauer is a corporation organized and existing under the laws of the State of Delaware with its headquarters and principal place of business in Newington, New Hampshire. *See* Ex. A ¶ 4.

9. As a result, the parties are citizens of different states.

## The Amount in Controversy Exceeds $75,000

10. Diversity jurisdiction requires that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a).

11. In his complaint, Watson affirmatively pleads that the amount in controversy is more than $75,000. *See, e.g.,* Ex. B, ¶ 8 ("Plaintiff seeks damages within the jurisdictional limits of this court, in the maximum amount of more than $100,000, but less than $200,000 at the time of filing this suit, which, with the passage of time, may change.").

12. As a result, the amount-in-controversy requirement for federal jurisdiction is satisfied.

## VENUE

13. Venue properly rests in the Fort Worth Division of the United States District Court for the Northern District of Texas pursuant to 28 U.S. Code § 89(b) and Appendix II to the Local Civil Rules, because the Fort Worth Division is the federal judicial division encompassing the District Court for the 153rd Judicial District of Tarrant County, Texas, wherein this action was originally filed.

14. Pursuant to 28 U.S.C. § 1446(b), Sig Sauer is filing this Notice with this Court, serving a copy of this Notice upon Plaintiff's counsel, and filing a copy in the District Court for the 153rd Judicial District of Tarrant County, Texas.

## TIMELINESS OF REMOVAL

15. Sig Sauer was served on December 31, 2020, so this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) since it is being filed within thirty (30) days of service on Sig Sauer. *See* 28 U.S.C. § 1446(b) (requiring that, in order to be timely, "[a] notice of removal must

be filed within 30 days after the defendant receives, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based").

16. As a result, this Notice of Removal is timely.

WHEREFORE, Defendant Sig Sauer, Inc. respectfully requests that this Court assume jurisdiction over the above-described action now pending in the 153rd District Court for the Judicial District of Tarrant County, Texas, pursuant to 28 U.S.C. §§ 1332 and 1441.

Respectfully submitted,

**CLARK HILL STRASBURGER**

By: */s/ Bijan R. Siahatgar*

Bijan R. Siahatgar
State Bar No. 18336200
bsiahatgar@clarkhill.com

Caleb A. Davis
State Bar No. 24099666
caldavis@clarkhill.com

CLARK HILL STRASBURGER
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: 214-651-2042
Fax: 214-659-4015

**ATTORNEY FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served on all known counsel of record by ECF on this 29th day of January 2021.

/s/ Caleb A. Davis
Caleb A. Davis